FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2012 APR -9 PM 12: 54

CASE NO.

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JEFFREY TOTH,

3.12-CV-387-J-20TEM

Plaintiff,

v.

SHERIDAN HEALTHCORP, INC.,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq.* (hereinafter the "FCCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.      Plaintiff, JEFFREY TOTH ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Flagler, and City of Palm Coast.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, SHERIDAN HEALTHCORP., INC. ("Defendant") or ("SHI") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In connection with an attempt to collect an alleged debt in default, Defendant retained Nationwide Recovery Service ("Nationwide") to collect the alleged debt from Plaintiff for medical services rendered at Florida Hospital Flagler.

12.    Nationwide is a debt collection company that acted under the direction of Defendant, and in connection with Defendant's attempts to collect a "debt" from Plaintiff, as defined by the FDCPA and FCCPA.

13.    The Seventh Circuit has suggested that general agency principles apply to suits under the FDCPA. *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997) ("If Heibl were being sued for conduct within the scope of his agency or employment as a partner ... of a law firm, the firm could be named along with him as a defendant, because it would be liable jointly with him for that conduct."). Other courts have applied such general principles to hold employers vicariously liable for the acts of their employees in cases arising under the FDCPA. See, e.g., *Newman*, 912 F.Supp. at 1370 ("The FDCPA is silent on the issue of vicarious liability. In [the 9th Circuit], however, it is established that, under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney [under principles of agency]."); *United States v. ACB Sales & Service, Inc.*, 590 F.Supp. 561, 575 (D.Ariz.1984) ("The FDCPA is enforced as a FTC rule under section 5(m)(1)(A) of the Federal Trade Commission Act. 15 U.S.C. § 16921. I find no distinction between enforcement of orders under section 5(1) and enforcement of the FDCPA under section 5(m)(1)(A) that would limit the application of the doctrine of respondeat superior.").

14.    The Ninth Circuit has also held that "general principles of agency ... form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir.2006) (citing *Newman*, 912 F.Supp. at 1370). To ascertain "general principles of agency," courts consult the Restatement (Second) of Agency. *See id.* (applying § 1 of the Restatement to determine whether an attorney could be held vicariously liable for the acts of a debt collector under the FDCPA and concluding that he could not because he did not exercise adequate control over the debt collector's conduct); *Newman*, 912 F.Supp. at 1370 n. 19 (noting that federal courts rely on the Restatement to ascertain common-law principles of agency). Under the Restatement, independent contractors can and often are also considered

agents:

'[I]ndependent contractor' is a term which is antithetical to the word 'servant,' although not to the word 'agent.' In fact, most of the persons known as agents . . . are independent contractors as the term is used in [this] Restatement ..., since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. However, they fall within the category of agents. They are fiduciaries; they owe to the principal the basic obligations of agency: loyalty and obedience."

Restatement (Second) of Agency § 14N cmt. a (emphasis added); *see Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089 (C.D.Cal. 2006) (holding that a debt collector principle can be held liable for the actions of its attorney agent).

15.    Nationwide is an agent of Defendant, as it was employed by Defendant and given authority to communicate with Plaintiff on its behalf in connection with Defendant's attempts to collect an alleged debt from Plaintiff.

16.    Plaintiff's attorney sent Nationwide written correspondence dated October 4, 2011, which notified Defendant's agent that Plaintiff was represented by an attorney in regard to his alleged debt with Defendant, and instructing Nationwide not to contact Plaintiff directly in regard to the debt.  (See copy of letter dated October 4, 2011, attached hereto as Exhibit "A").

17.    As an agent of Defendant, Nationwide's knowledge constituted actual or constructive knowledge on the part of Defendant, such that Defendant was aware that Plaintiff had retained legal counsel in regard to the instant matter.

18.    In connection with the collection of the aforementioned alleged debt in default, despite Defendant's agent's receipt of Plaintiff's attorney's notice of representation, Defendant attempted to contact Plaintiff via written communication dated October 25, 2011. (See copy of letter dated October 25, 2011, attached hereto as Exhibit "B").

19.     Upon information and good faith belief, Defendant was fully aware that Plaintiff had retained counsel in connection with the alleged debt in default that Defendant was attempting to collect.

20.     Defendant communicated with the Plaintiff despite knowing that the Plaintiff was represented by an attorney with respect to such debt and having knowledge of, or being readily able to ascertain, such attorney's name and address.

21.     Additionally, in its October 25, 2011 letter, Defendant failed to state that the communication was from a debt collector.

## COUNT I
## VIOLATION OF SECTION 1692c(a)(2) OF THE FDCPA

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was being represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF SECTION 1692e(11) OF THE FDCPA

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 of this Complaint.

25.     Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its October 25, 2011 written communication to Plaintiff (see Exhibit "B") that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF SECTION 559.72(18) OF THE FCCPA

24.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-21 of this Complaint.

25.     Defendant violated §559.72(18) of the Florida Consumer Collection Practices Act by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

WHEREFORE, Plaintiff, JEFFREY TOTH, by and through his attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Emotional and/or mental anguish damages;

c.    Statutory damages of $1,000.00;

d.    Plaintiff's attorneys' fees and costs;

e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

26.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 5th day of April 2012.

Respectfully submitted,
**JEFFREY TOTH**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com